IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

************************************
UNITED STATES OF AMERICA

v.

FLAY ROOD,

                Defendant.
************************************

Case No.  10-CR-149 (DNH)

GOVERNMENT'S SENTENCING
MEMORANDUM

     The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court impose a sentence of Life.

**I**

**INTRODUCTION**

     On December 22, 2010 defendant FLAY ROOD entered a guilty plea to Counts 1 through 6 of Indictment 10-CR-149.  Counts 1 - 3 each charge that ROOD knowingly used, persuaded, induced, enticed, and coerced a minors (V-1, V-2, and V-3, respectively) to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, where the visual depictions were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 2251(a).  Counts 4 - 6, respectively, charge ROOD with knowingly distributing, receiving, and possessing child

pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2)(A)(Counts 4 and 5) and 2252A(a)(5)(B)(Count 6). ROOD is scheduled to be sentenced on May 20, 2010.

## II

### APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.   Statutory Maximum and Minimum Sentences**

FLAY ROOD has a prior conviction that enhances his statutory sentences. PSR ¶¶86, 111-12. Specifically, as alleged in the Indictment, and in the Special Information filed by the Government, the defendant has the following prior final conviction relating to the aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward:

On or about February 1, 1991, in the Court of Common Pleas, Clark County Ohio, FLAY ROOD entered a plea of guilty to the crime of Gross Sexual Imposition, a felony in the third degree, in violation of Ohio R.C. Section 2907.05, which, at the time of the defendant's conviction, made it unlawful to have sexual contact with another, not the spouse of the offender, when the other person is less than thirteen years of age. The basis of the conviction was that ROOD rubbed the penis of a 2 year old child while he also had his own penis in his hand. As a result of this conviction, on or about February 1, 1991, FLAY ROOD was sentenced to a term of imprisonment of 2 years. The sentence was suspended, and ROOD was placed on probation for 2 years with a condition that he serve 90 days in jail.

The Government maintains that the foregoing conviction results in increased potential punishment under Title 18, United States Code, Sections 2251(e), 2252A(b)(1) and (b)(2), and under Title 18, United States Code, Section 3559(e) in the following respects:

**a.**   As to Counts 1 - 3 of the Indictment, Title 18, United States Code, Section 2251(e)

provides, in pertinent part:

> Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years, but if such person has one prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward . . ., such person shall be fined under this title and imprisoned for *not less than 25 years nor more than 50 years*. (Emphasis added).

    **b.**    However, as to Counts 1 - 3, the statutory enhancement in §2251(e) is superseded by Title 18, United States Code, Section 3559(e). Entitled "mandatory life imprisonment for repeated sex offenses against children," this statute provides:

> A person who is convicted of a Federal sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim, unless the sentence of death is imposed.[1]

    **c.**    As to Counts 4 and 5 of the Indictment, Title 18, United States Code, Section 2252A(b)(1) provides, in pertinent part:

> Whoever violates, or attempts or conspires to violate, paragraph . . . (2) . . . of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but, if such person has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . , *such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years*. (Emphasis added).

    **d.**    As to Count 6 of the Indictment, Title 18, United States Code, Section 2252A(b)(2) provides, in pertinent part:

> Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined

---

[1] By motion filed July 9, 2010, the defendant objected to the application of §3559(e), and moved for the references to it in the Indictment and Special Information filed by the Government be stricken. By Decision and Order filed November 19, 2010, this Court denied the defendant's motion as premature. The Government maintains that for all of the reasons outlined in our August 4, 2010 response to the defendant's motion, §3559(e), and a mandatory life sentence, is applicable to each of Counts 1 - 3.

under this title or imprisoned not more than 10 years, or both, but, if such person has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . , *such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.* (Emphasis added).

In addition, each count of conviction carries with it a mandatory term of supervised release of at least 5 years, and up to life. 18 U.S.C. §3583(k); PSR ¶116.

**2.   Guidelines Provisions**

    **a.   Offense Level**

The Government adopts the Guidelines calculations of the Probation Officer, without qualification, resulting in a total offense level of 43. PSR ¶¶28 -76.

    **b.   Acceptance of Responsibility**

The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a). PSR ¶¶27, 71. The government moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "timely notified authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." PSR ¶72. Regardless, the defendant's total offense level remains 43. PSR ¶¶71-76.

    **c.   Criminal History Category**

According to the presentence report, as a repeat and dangerous sex offender, U.S.S.G. §4B1.5(a)(2), the defendant's criminal history category is V. PSR ¶90. The Government agrees with the Probation Office's determination of the defendant's criminal history category.

### d. Guidelines Range and Sentence

As described above, the defendant's total offense level is 43 and his criminal history category is V. As a result, the Sentencing Guidelines advise that the defendant receive a sentence of Life. PSR ¶113. The Guidelines also advise:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

U.S.S.G. §5G1.2(d); PSR ¶114. Accordingly, even were this Court to find persuasive the defendant's argument that the mandatory life sentence required by 18 U.S.C. §3559(e) is not applicable to him, the Guidelines advise running the sentences on each count of conviction consecutively to one another to the extent necessary to achieve the total punishment. In that event, in order to accomplish the overall Guidelines sentence of life, the Government moves for consecutive terms of imprisonment on Counts 1 - 3, where the alternative statutory sentence, 18 U.S.C. §2251(e), is a minimum of 25 years, and a maximum of 50 years.

### III

### GOVERNMENT'S SENTENCING RECOMMENDATION [2]

**1.** <u>**Mandatory Life Sentence**</u>

---

[2] The Government reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

The Government continues to maintain that a life sentence is mandated in this case by 18 U.S.C. §3559(e). PSR ¶111. As discussed at length in our August 4, 2010 Response to Defendant's Motion to Dismiss or Strike the Prior Conviction Allegation of the Indictment and Special Information[3] ROOD's conviction qualifies as a predicate offense under §3559(e) and he should be sentenced accordingly.

Nevertheless, even were the Court to accept the defendant's argument that his prior conviction for abusing his then-two-year-old son does not qualify as a prior conviction within the meaning of §3559(e), a sentence amounting to life is still warranted by a Guidelines calculation, PSR ¶113-14, as well as by the factors this Court must consider under 18 U.S.C. §3553(a).

**2.    Guidelines Sentence**

As the defendant's total offense level is 43, and his criminal history category is V, his Guidelines sentence is Life. PSR ¶113. Absent the application of §3559(e), the statutory minimum sentence on each of Counts 1 - 3 would be 25 years, and the statutory maximum would be 50 years. 18 U.S.C. §2251(e).[4] Therefore, to achieve the Guidelines sentence of Life (PSR ¶113) the Government submits that a total punishment that includes consecutive sentences on each of Counts 1 - 3 (even then with concurrent sentences on Counts 4 - 6) is warranted. Such a sentence is reasonably designed to achieve the total punishment, as a minimum of 75 years, and a maximum of

---

[3] The Government incorporates herein by reference the arguments set forth in our August 4, 2010 motion response.

[4] The defendant's July 2010 motion objected to the application of §3559(e) only, and did not address the enhancements mandated by §2251(e) (or §2252A(b)), which apply to defendants who have a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, [or] abusive sexual contact involving a minor or ward," which is a different standard and definition than that of the "prior sex conviction" required under §3559(e).

150 years, amounts to a life sentence, and as such accomplishes the sentence called for by the Guidelines.

The government objects to the imposition of a sentence below the applicable guidelines range.[5] The record reveals no mitigating factors not adequately considered by the Sentencing Commission that would remove this case from the "mine-run" of similar cases, *see Rita v. United States*, 551 U.S. 338, 352 (2007). In that regard, while the Government is mindful of the continuing debate about Guidelines sentencing and child pornography crimes, *see United States v. Dorvee*, 616 F.3d 174, 188 (2d Cir. 2010), the arguments raised in that debate are inapplicable in cases where, as here, the defendant's crimes, or history, include the hands-on abuse of children:

> We recognize that this court recently expressed concern regarding the substantive reasonableness of a child pornography sentence. See *United States v. Dorvee*, 604 F.3d 84 (2d Cir.2010).[6] *This case does not present the same issues, specifically whether the defendant was likely sexually to assault a child*. See *id*. at 94. Here, Levy actually molested a five-year-old girl, bragged about his conduct online, and thereafter not only failed to accept responsibility, but lied under oath about his culpability. In these circumstances, the challenged sentence falls within the wide range available to the district court to address the factors specified in 18 U.S.C. § 3553(a), particularly the seriousness of the crime and the need for deterrence.

*United States v. Levy*, 385 Fed. Appx. 20, *25 (2d Cir. 2010)(upholding a 30 year sentence for the production of child pornography where the defendant produced three images of one child on one occasion) (emphasis added); *see also United States v. Swackhammer*, 400 Fed. Appx. 615, 616-17 (2d Cir. 2010)(distinguishing *Dorvee* in a child pornography case where there was evidence that

---

[5] Again, we make this argument as an alternative sentencing argument in the event that the Court does not impose the mandatory life sentence under §3559(e).

[6] This is the cite for the original decision in *Dorvee*, filed on May 11, 2010. The Court of Appeals amended and superseded the opinion, reported at 616 F.3d 174, on August 4, 2010. This does not affect the decision in *Levy*.

defendant "repeatedly molested his children.")

Here, like in *Levy*, ROOD has been convicted of production of child pornography. As such, also like in *Levy*, the issues that concerned the *Dorvee* court are not present. But ROOD's case contains even more aggravating circumstances than *Levy* because it involves the victimization of three separate children abused on three separate occasions, and the production of 17 separate images. PSR ¶14. And, ROOD's crimes were committed over time: the image of V-1 was taken in 2005, the images of V-2 were taken in January, 2008, and the images of V-3 were taken in March, 2008. PSR ¶¶15-17. Moreover, what is not accounted for by these crimes of conviction is ROOD's history of abusing other children as well: his two year old son in 1991, PSR ¶86, and the repeated rapes of his granddaughter from ages 11 - 15. PSR ¶19.

Accordingly, a Guidelines sentence is reasonable and just.

**3.      Title 18, United States Code, Section 3553(a)**

In addition to the reasonableness of a Guidelines sentence in this case, a sentence of or amounting to Life is also warranted under a separate analysis of the factors set forth at 18 U.S.C. §3553(a). Those considerations include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant - including the harm done to the child victims whose hands-on abuse by the defendant is the subject of Counts 1 - 3 (while accounting separately for the separate harm done to each of these children), the defendant's long-standing history of the sexual abuse of children, and the harm done to the children who are the victims of his Internet child pornography crimes (Counts 4 - 6); (2) the seriousness of the offense; (3) to promote respect for the law; (4) just punishment for the offense; (5) adequate deterrence to criminal conduct; (6) protection of the public from further crimes of the defendant; (7) the kinds of sentences available; (8) pertinent

policy statements; and (9) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

**18 U.S.C. §3553(a)(1)**

The first factor to be considered under §3553(a) is the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1). It is hard to imagine an offense more deserving of a life sentence. The defendant's crimes have damaged the lives of the three victims of Counts 1 - 3 in a way too horrible to imagine. PSR ¶¶ 14-18. Even so, these are not the only children damaged by the defendant. In 1991 he was convicted of sexually abusing his son when the child was but two years old, PSR ¶86. And, if this history were not compelling enough, when the defendant's abuse of V-3 came to light and was investigated, it was disclosed by the defendant's teenage granddaughter that she too was a victim of his sexual abuse, beginning at age 11, having sacrificed herself to the defendant in order to save her then-9-year-old sister from him. PSR ¶19. As a result, the defendant raped this child consistently from age 11 until she ran away from home at age 15. *Id*. The abuse and breach of trust suffered by these children will be re-lived and suffered by them and their families for the rest of their lives. PSR ¶¶24, 25.

Together with all of this, ROOD appears before this Court as an example of the close interplay between hands-on child sexual abuse and an appetite for trading in, receiving, and collecting child pornography - that is, images depicting the abuse of children at the hands of others. In that way, the defendant has also victimized additional children, for years, by trading in their images through peer-to-peer file sharing. PSR ¶¶12-13, 20-22. Seventy video files, and 114 image files, mostly depicting pre-pubescent children, and many depicting sadistic, or masochistic abuse, or other depictions of violence, were recovered from the defendant's computer. PSR ¶21. Within

these files, an additional 34 child victims were identified by the National Center for Missing and Exploited Children as known children identified in prior investigations - who are now identified victims of the defendant's Internet child pornography crimes. PSR ¶22. ROOD not only re-victimized each of these children by receiving, sharing, viewing, collecting, and possessing the images of their abuse, but with these offenses he helped to sustain a world-wide market that thrives on the abuse of children. As such, his crimes reach as far and wide as the Internet does - and are not confined, as some may argue, to the four walls of his home.

With all of this, it is clear that ROOD poses a long-standing, real, and substantial threat to children. Thus, the "nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. §3553(a)(1), *alone* provide ample evidence that FLAY ROOD is a dangerous sex offender for whom a sentence of Life (or the equivalent thereof) is appropriate - and necessary.

### 18 U.S.C. §3553(a)(2)

The next set of factors to be considered in imposing a sentence include:

> the need for the sentence imposed--(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;(B) to afford adequate deterrence to criminal conduct;(C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a)(2).

Certainly the recommended consecutive sentences on Counts 1 - 3 achieve all, or at least most, of these objectives.[7] Few offenses are more serious, and the recommended sentence

---

[7] The defendant does not appear to be in need of educational or vocational training, and although the defendant requires some medical care, it appears that it is being adequately taken care

acknowledges that, while at the same time affording adequate deterrence to others. Given the number of victims, and the nature and extent of the defendant's crimes, a maximum sentence is just. Further, the defendant's history demonstrates that the only way to protect the public, specifically, children, from him is to keep him in a place where he has no possibility of access to them.

Moreover, whether they would not or could not see the true nature of the man before them, it is troubling that the danger posed by ROOD is still to this day being denied by his family. PSR ¶¶ 98-99. Despite the wealth of evidence against him, and his own admissions to it, ROOD's wife told the Probation Officer that in 27 years he has "never been inappropriate with a child or touched a child in a sexual way." PSR ¶98. It is of grave concern that the abuse of the children referred to in Counts 1 - 3 occurred in the homes shared by the defendant and his wife, and that at least with V-2, occurred when the child was left in the care of both of them. PSR ¶¶16, 19. It is revealing, too, that the defendant's wife now denies that ROOD had done anything wrong to their two year old child in 1991 (PSR ¶98) - either forgetting that she was the one who called the police, or erroneously confident that those reports would not surface.[8]  When the danger posed by a defendant like ROOD is, for years and years, either allowed by, denied by, or hidden from those closest to him, the only way to ensure he does not re-engage in illegal activity, and the only way to protect others from it, is through incarceration. *See* 18 U.S.C. §3553(a)(2)(C).

---

during his incarceration. PSR¶¶100-02.

[8] Reports from the 1991 incident clearly refer to the defendant's wife (then-live-in-girlfriend) as the "R.P." or "Reporting Party." Not only did she report the offense on January 6, 1991, but she also re-iterated her statements to investigators on January 8, 1991. While the defendant's statements about what had occurred were vague at first, on January 10, 1991 he admitted the abuse to which he later pled guilty. These reports will be provided to the Court and counsel under separate cover, and under seal. *See* 18 U.S.C. §3509(d); *Local Rules of Practice United States District Court for the Northern District of New York*, Effective January 1, 2011, Section XI, p. XI-2, Rule 1.3.

**18 U.S.C. §3553(a)(3), (4), (5), and (6)**

The final set of factors to be considered in imposing sentence, pertinent to this matter, are:

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

        \*    \*    \*

(5) any pertinent policy statement--
    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        \*    \*    \*

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. §3553(a)(3)-(6).

The only kind of sentence available to ROOD is incarceration, and the sentencing range as established by the Guidelines is Life. PSR ¶113. It is also noteworthy that the Guidelines offense levels go only as high as 43, while ROOD scores out at 45. PSR ¶75.

While the defendant's Guidelines sentence is Life, PSR ¶113, the maximum sentence on each count of conviction for Counts 1 - 3 is 50 years. PSR ¶82. As such, the Guidelines provide that "the sentence imposed on one or more of the other counts *shall* run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. §5G1.2(d)(emphasis added).

Further, §3553(a) instructs that the Court should consider applicable policy statements. Here, the policy statement issued by the Sentencing Commission at U.S.S.G. §5K2.0(b) advises against a departure from the Guidelines sentence in this matter, as it provides:

> DOWNWARD DEPARTURES IN CHILD CRIMES AND SEXUAL OFFENSES.--Under 18 U.S.C. § 3553(b)(2)(A)(ii), the sentencing court may impose a sentence below the range established by the applicable guidelines only if the court finds that there exists a mitigating circumstance of a kind, or to a degree, that--
>
> (1) has been affirmatively and specifically identified as a permissible ground of downward departure in the sentencing guidelines or policy statements issued under section 994(a) of title 28, United States Code, taking account of any amendments to such sentencing guidelines or policy statements by act of Congress;
>
> (2) has not adequately been taken into consideration by the Sentencing Commission in formulating the guidelines; and
>
> (3) should result in a sentence different from that described.
>
> The grounds enumerated in this Part K of Chapter Five are the sole grounds that have been affirmatively and specifically identified as a permissible ground of downward departure in these sentencing guidelines and policy statements. Thus, notwithstanding any other reference to authority to depart downward elsewhere in this Sentencing Manual, a ground of downward departure has not been affirmatively and specifically identified as a permissible ground of downward departure within the meaning of section 3553(b)(2) unless it is expressly enumerated in this Part K as a ground upon which a downward departure may be granted.

The Government submits that there is no mitigating circumstance at all in this matter, much less one that meets the rigorous criteria set forth in this policy statement.

Finally, adherence to the Guideline sentence is the best way to assure against sentencing disparity "among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6). If all defendants, like ROOD, with a criminal record for the sexual abuse of a toddler, who abuse and produce child pornography of multiple children over a period of time, while also raping their granddaughter from the time she was 11 until she ran away from home at 15,

and who trade in, download, collect, and possess images depicting the sexual abuse of other children, while scoring at an offense level of 45, and a criminal history category of V, were sentenced to the Guidelines range of Life, or it's equivalent, there will be no sentencing disparity.

## IV

## CONCLUSION

While the Government submits that a sentence of Life is mandated by 18 U.S.C. §3559(e), as discussed above, in the alternative a sentence that accomplishes the defendant's Guidelines sentence of Life is just and reasonable under the facts and circumstances of this case, and the relevant considerations of 18 U.S.C. §3553(a) justify and warrant such a sentence.

Accordingly, the Government submits that if the Court does not impose a life sentence under §3559(e), the sentence otherwise imposed should account for and recognize the separate harm caused to each of the defendant's three separate abuse victims by imposing consecutive sentences on Counts 1, 2, and 3. As 18 U.S.C. §2251(e) mandates a minimum of 25 years, and a maximum of 50 years on those counts of conviction, three consecutive sentences within that range, with concurrent sentences on Counts 4, 5, and 6, would amount to a life sentence, which is sufficient, but not greater than necessary to comply with and accomplish the many goals of sentencing. 18 U.S.C. §3553(a).

Respectfully submitted this 27th day of April, 2010.

RICHARD S. HARTUNIAN
United States Attorney


  /s/
Lisa M. Fletcher
Assistant United States Attorney
Bar Roll No. 510187

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

****************************************
UNITED STATES OF AMERICA,

                                            Criminal Action No. 10-CR-149 (DNH)

     v.

FLAY ROOD,

                Defendant.
****************************************

### CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2011, I electronically filed the **Government's Sentencing Memorandum** with the Clerk of the District Court using the CM/ECF system.

    Melissa A. Tuohey, Esq.

                                            /s/
                                            Tayler Robinson