IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

FLAY ROOD,

Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case No.  10-CR-149 (DNH)

GOVERNMENT'S SENTENCING
MEMORANDUM ON REMAND AND
RESPONSE TO DEFENDANT'S
SENTENCING MEMORANDUM

The United States of America, by and through its counsel of record, the United States
Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting,
for the reasons set forth below, that the Court impose consecutive sentences on the counts of
conviction so as to achieve the total Guidelines punishment of Life.

# I

## INTRODUCTION

On December 22, 2010 defendant FLAY ROOD entered a guilty plea to Counts 1 through
6 of  Indictment 10-CR-149.  Counts 1 - 3 each charge that ROOD knowingly used, persuaded,
induced, enticed, and coerced  minors (V-1, V-2, and V-3, respectively) to engage in sexually
explicit conduct for the purpose of producing visual depictions of such conduct, where the visual
depictions were produced using materials that had been mailed, shipped, and transported in interstate
and foreign commerce, in violation of Title 18, United States Code, Sections 2251(a).  Counts 4 -

6, charged ROOD with knowingly distributing, receiving, and possessing child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2)(A)(Counts 4 and 5) and 2252A(a)(5)(B)(Count 6).

ROOD was sentenced by this Court on May 19, 2011 to life imprisonment on Counts 1-3, with concurrent sentences of 15 years on Counts 4 and 5, and 10 years on Count 6.  In sentencing ROOD, this Court determined that ROOD's 1991 Ohio conviction for Gross Sexual Imposition qualified as a prior sex offense conviction resulting in the application of the mandatory life provision of §3559(e) as to Counts 1-3, and as a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" triggering statutory sentencing enhancements of §§2252A(b)(1) and (b)(2) as to Counts 4-6.[1]

On appeal, ROOD challenged the application of the mandatory life provision of §3559(e), and the Court of Appeals found that the *Shepard*[2]-approved documents provided by the Government were insufficient to sustain its application, as the Ohio statute under which ROOD had been previously convicted criminalized sexual conduct with a person under 13, while the equivalent federal statute criminalizes sexual conduct with a person under 12.  Based upon the available court documents from ROOD's 1991 conviction, therefore, the Circuit held there was insufficient proof that in his guilty plea ROOD necessarily admitted the actual age of his victim (2 years old), and as such it cannot be said that he was convicted of an equivalent federal offense.  *United States v. Flay Rood*, 679 F.3d 95 (2d Cir. 2012).

---

[1]  Notably, ROOD never challenged the application of the enhanced penalties of §2252A in his pre-trial motion, or at sentencing.   He likewise did not challenge it on appeal.

[2]  *Shepard v. United States*, 544 U.S. 13 (2005).

The case was therefore remanded for re-sentencing, for this Court to determine whether ROOD necessarily admitted the age of his victim in the 1991 conviction, and giving the Government the opportunity to present any other evidence to support such a finding. *Id*. at 100.  As the Government informed the Court by letter dated June 27, 2012, because of the age of ROOD's prior offense, no transcript exists of his plea allocution, and no other documentation is available. Accordingly, given the decision of the Court of Appeals, ROOD must be re-sentenced without regard to §3559(e).  However, for the reasons set forth below, and despite his (newly raised) objections to the contrary, the decision of the Court of Appeals does not affect the imposition of the enhanced penalty provisions of 18 U.S.C. §§2251(e) and 2252A(b).  As ROOD's Guidelines sentence continues to be Life, and as such a sentence is warranted under consideration of all of the §3553(a) factors, the Government maintains that consecutive terms of incarceration should be imposed to meet that total punishment.

## II

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**A.**     **The Enhanced Statutory Maximum and Minimum Sentences**

FLAY ROOD has a prior conviction that enhances his statutory sentences. PSR ¶¶86, 111-12. Specifically, as alleged in the Indictment, and in the Special Information filed by the Government, the defendant has the following prior final conviction relating to the aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward:

On or about February 1, 1991, in the Court of Common Pleas, Clark County

Ohio, FLAY ROOD entered a plea of guilty to the crime of Gross Sexual Imposition,

a felony in the third degree, in violation of Ohio R.C.  Section 2907.05, which, at the

time of the defendant's conviction, made it unlawful to have sexual contact with another, not the spouse of the offender, when the other person is less than thirteen years of age.  The basis of the conviction was that ROOD rubbed the penis of a 2 year old child while he also had his own penis in his hand.  As a result of this conviction, on or about February 1, 1991, FLAY ROOD was sentenced to a term of imprisonment of 2 years.   The sentence was suspended, and ROOD was placed on probation for 2 years with a condition that he serve 90 days in jail.

The Government maintains that the foregoing conviction results in increased potential punishment under Title 18, United States Code, Sections 2251(e), 2252A(b)(1) and (b)(2) as follows:

a.      As to Counts 1 - 3 of the Indictment, Title 18, United States Code, Section 2251(e) provides, in pertinent part:

> Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years, but if such person has one prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward . . ., such person shall be fined under this title and imprisoned for *not less than 25 years nor more than 50 years*. (Emphasis added).

b.      As to Counts 4 and 5 of the Indictment, Title 18, United States Code, Section 2252A(b)(1) provides, in pertinent part:

> Whoever violates, or attempts or conspires to violate, paragraph . . . (2) . . . of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but, if such person has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . , *such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years*. (Emphasis added).

c.      As to Count 6 of the Indictment, Title 18, United States Code, Section 2252A(b)(2) provides, in pertinent part:

> Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if such person has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . , *such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.* (Emphasis added).

In addition, each count of conviction carries with it a mandatory term of supervised release of at least 5 years, and up to life. 18 U.S.C. §3583(k); PSR ¶116.

**B.      The Government's Response to Defendant's Objection to The Statutory Enhancements**

On remand ROOD, for the first time, argues that for the statutory enhancements of §§2251(e) and 2252A(b) to apply, his prior conviction must be for an offense that, but for the jurisdictional element, would otherwise be a federal offense.  In this way, ROOD attempts to bootstrap his §3559(e) argument to an entirely different statutory enhancement scheme.  However, the two could not be more clearly different.  Whereas §3559(e) requires a mandatory life sentence where a defendant, convicted of one or more of a specified set of crimes, has a prior state conviction that "consists of conduct that would be a Federal sex offense," 18 U.S.C. §3559(e)(2)(B), the §§2251 and 2252A statutory sentencing enhancements only require that the predicate offense be one "under the laws of any State *relating to* aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward."  18 U.S.C. §§2251(e); 2252A(b)(1); 2252A(b)(2) (emphasis added).

Given the fact that Congress used a very exacting standard in §3559(e) and broader language in §§2251 and 2252A (also showing that they certainly *could have* used the same standard had they intended to), it is clear that the Congressional intent was to enact a more demanding predicate for the imposition of a life sentence than for the increased penalties of other repeat offenders.  As the Ninth Circuit observed, in rejecting a similar argument, "experience indicates that when Congress

intends to require a state offense to be congruent to a corresponding federal offense for sentencing enhancement purposes, it will draft such a requirement expressly." *United States v. Sinerius*, 504 F.3d 737, 743-44 (9th Cir. 2007). There is no such requirement set forth in Chapter 110.[3] Accordingly, in the absence of any specified definition of the phrases "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor" in Chapter 110, it is appropriate to give those terms "their ordinary, contemporary, common meaning." *Sinerius,* 504 F.3d at 740*; see also United States v. Hubbard,* 480 F.3d 341, 347-50 (5th Cir. 2007).

That Congress did not intend §§ 2251 and 2252A to require enhancing state offenses to be congruent with federal offenses defined elsewhere in Title 18 is further confirmed by its use of the phrase "relating to" in the statute's designation of qualifying convictions under State law. To qualify for sentencing enhancement under §§ 2251(e) and 2252A(b), the defendant must be shown to have a prior conviction for one of several specifically enumerated federal offenses or a conviction, under any State's laws, "*relating to* aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." The use of that phrase, in contrast to the specific listing of qualifying federal offenses (as in §3559(e)), demonstrates that Congress intended a broad interpretation of the state law violations qualifying as enhancing predicates. *See United States v. Weis*, 487 F.3d 1148, 1152 (8th Cir. 2007); *United States v. Gilbert*, 425 F. App'x at 217; *see also United States v. Morehouse*, 318 F. App'x at 90. In fact, the Fourth, Fifth, Eighth, Ninth and Eleventh Circuits have all concluded that the categories of enhancing state offenses under §2252A(b), (and by implication 2251(e)) are to be given their "ordinary, contemporary, and common meaning." *See Sinerius*, 504 F.3d at 742-44; *United States v. Gilbert*, 425 F. App'x 212, 217 (4th Cir. 2011); *United States v. Sonnenberg*, 556

---

[3]  §§2251 and 2252A are both Chapter 110 offenses.

F.3d 667, 670-71 (8th Cir. 2009);  *Hubbard*, 480 F.3d at 347-50; *United States v. Harding*, 172 F.

App'x 910, 913 (11th Cir. 2006).

For these reasons, ROOD's argument fails.  Moreover, under the categorical approach he

champions, it is also clear that ROOD was convicted of a state offense relating to the " aggravated

sexual abuse, sexual abuse, or abusive sexual conduct involving a minor."   On its face, without

reading anything more than the Bill of Information to which he entered a guilty plea, he admitted to

a crime relating to the aggravated sexual abuse, sexual abuse, *or* abusive sexual conduct involving

a minor:   "The crime to which Rood pleaded guilty in 1991 was a violation of Ohio Rev.Code Ann.

§ 2907.05, which provides, in pertinent part, that '(A) [n]o person shall have sexual contact with

another, not the spouse of the offender ... when ... (4) [t]he other person ... is less than thirteen years

of age....'" *United States v. Rood*, 679 F.3d at 98, n.4.

However, relating his argument back to finding a congruent federal offense, which the

Government maintains is not the standard for the §§2251 and 2252A enhancements, ROOD has

raised three arguments: first the age argument, which is the reason the Court of Appeals determined

that *§3559(e)* does not apply, second and third, resurrecting his *mens rea* and accidental touching

arguments, both of which were previously rejected by this Court.

As to the age argument, again, the Government maintains that unlike §3559(e), the statutory

enhancements of the Chapter 110 offenses do not require relation to an equivalent federal offense,

and the fact that ROOD clearly pled guilty to an offense relating to the sexual abuse of a minor is

sufficient for the enhancements to apply.  As Chapter 110 defines a minor as someone under the age

of eighteen, 18 U.S.C. §2256(1), ROOD's admitted abuse of a child under 13 is falls within the

statute.  Moreover, this is a circumstance-specific fact, not a required element of the predicate

offense.  *United States v Doss*, 630 F.3d 1181 (9th Cir. 2011). [4]

As to the latter two arguments, *mens rea* and accidental touching, the Government submits that they must again be rejected for all of the reasons set forth in our August 4, 2010 motion response, and for the reasons that this Court rejected them at ROOD's original sentencing.  For purposes of this Memorandum, the Government's previous arguments in the August 2010 motion response are hereby incorporated by reference as if fully set forth herein.

For all of the reasons set forth herein, on re-sentencing ROOD is subject to the enhanced penalty provisions of §§2251(e) and 2252A(b)(1) and (b)(2), and should be sentenced accordingly, and as more fully set forth below, consecutively, to meet the total punishment of a Guidelines sentence of Life.

## C.    The Guidelines Provisions

### 1.      Offense Level

The Government adopts the Guidelines calculations of the Probation Officer, without qualification, resulting in a total offense level of 43.  PSR ¶¶28 -76.

### 2.      Acceptance of Responsibility

The defendant is entitled to a two-level downward adjustment to his offense level for

---

[4] Some predicate offenses are defined not only by their elements, but by circumstance-specific facts.  *See, e.g.*, *Nijhawan v. Holder*, 557 U.S. 29, 129 S. Ct. 2294 (2009). There, the Court examined the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(M)(i), that includes "an offense that . . . involves fraud or deceit *in which the loss to the victim or victims exceeds $10,000*") (emphasis in original). *Id*. at __, 129 S. Ct. 2294, 2297.  As the Court explained, "[w]e conclude . . . that the italicized language does not refer to an element of the fraud or deceit crime.  Rather it refers to the particular circumstances in which an offender committed a (more broadly defined) fraud or deceit crime on a particular occasion."  *Id*. at __, 129 S. Ct. at 2298.

acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a).  PSR ¶¶27, 71.  The government moves

for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the

defendant for having "timely notified authorities of his intention to enter a plea of guilty, thereby

permitting the government to avoid preparing for trial and permitting the government and the court

to allocate their resources efficiently." PSR ¶72.  Regardless, the defendant's total offense level

remains 43.  PSR ¶¶71-76.

3.     **Criminal History Category**

According to the presentence report, as a repeat and dangerous sex offender, U.S.S.G.

§4B1.5(a)(2), the defendant's criminal history category is V.  PSR ¶90.  The Government agrees with

the Probation Office's determination of the defendant's criminal history category.

4.     **Guidelines Range and Sentence**

As described above, the defendant's total offense level is 43 and his criminal history category

is V.  As a result, the Sentencing Guidelines advise that the defendant receive a sentence of Life.

PSR ¶113.  The Guidelines also advise:

> If the sentence imposed on the count carrying the highest statutory maximum is less
> than the total punishment, then the sentence imposed on one or more of the other
> counts shall run consecutively, but only to the extent necessary to produce a
> combined sentence equal to the total punishment. In all other respects, sentences on
> all counts shall run concurrently, except to the extent otherwise required by law.

U.S.S.G. §5G1.2(d); PSR ¶114.  Accordingly, the Guidelines advise running the sentences on each

count of conviction consecutively to one another to the extent necessary to achieve the total

punishment.  In that event, in order to accomplish the overall Guidelines sentence of life, the

Government moves for consecutive terms of imprisonment on Counts 1 - 3, where the statutory

sentence is a minimum of 25 years, and a maximum of 50 years. With such a sentence (in the range

of from 75 to 150 years), the goal of achieving a life sentence will be met, and accordingly the Government has no objection to concurrent terms of incarceration on the remaining counts of the Indictment.

### III

### GOVERNMENT'S SENTENCING RECOMMENDATION [5]

As stated above, the defendant's total offense level is 43, his criminal history category is V, his Guidelines sentence is life, and the Government moves for consecutive sentences on Counts 1, 2, and 3, as reasonably designed to achieve the total punishment, as a minimum of 75 years, and a maximum of 150 years, amounts to a life sentence, and as such accomplishes the sentence called for by the Guidelines.

We re-iterate our sentencing arguments in favor of such a sentence, and in objection to a non-Guidelines sentence, as those arguments were more fully detailed in our original sentencing submissions, filed April 28, 2011, and May 13, 2011.  The rationale behind our Guidelines recommendations remains the same, and the Government hereby incorporates those arguments as if they were again fully set forth herein at re-sentencing.

---

[5] The Government reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum.  Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond.  *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

IV

**CONCLUSION**

A sentence that accomplishes the defendant's Guidelines sentence of Life is just and reasonable under the facts and circumstances of this case, and the relevant considerations of 18 U.S.C. §3553(a) justify and warrant such a sentence.

Accordingly, the Government submits that the sentence imposed should account for and recognize the separate harm caused to each of the defendant's three separate abuse victims by imposing consecutive sentences on Counts 1, 2, and 3.  As 18 U.S.C. §2251(e) mandates a minimum of 25 years, and a maximum of 50 years on those counts of conviction, three consecutive sentences within that range, with concurrent sentences on Counts 4, 5, and 6, would amount to a life sentence, which is  sufficient, but not greater than necessary to comply with and accomplish the many goals of sentencing.  18 U.S.C. §3553(a).

Respectfully submitted this 17th day of September, 2012.

RICHARD S. HARTUNIAN
United States Attorney


/s/
_____
Lisa M. Fletcher
Assistant United States Attorney
Bar Roll No. 510187

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*****************************************
UNITED STATES OF AMERICA

    v.                                10:CR-149 (DNH)

FLAY ROOD,

                Defendant.
*****************************************

CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2012, I filed the **GOVERNMENT'S SENTENCING MEMORANDUM ON REMAND AND RESPONSE TO DEFENDANT'S SENTENCING** with the Clerk of the District Court and sent copies of said documents via ECF to the following:


Melissa A. Tuohey, Esquire




                                              /s/
                                              Shelly B. Goeckel
                                              Legal Assistant

**Page 12**